Elizabeth **CHAMBERLAIN**, Plaintiff,

v.

Richard S. **SCHWEIKER**, Secretary of Health and Human Services of the United States, Defendant.

No. 80–1201.

United States District Court,
C. D. Illinois.

Aug. 12, 1981.

Clifton J. Mitchell, Peoria, Ill., for plaintiff.

L. Lee Smith, Asst. U. S. Atty., Peoria, Ill., for defendant.

## DECISION AND ORDER

ROBERT D. MORGAN, Chief Judge.

This action is one for judicial review of an adverse decision of the defendant Secretary reducing plaintiff's benefits under Supplemental Security Income (SSI) by one-third. Plaintiff had owned her own home until 1978, at which time she moved in with her daughter and son-in-law. At that time plaintiff had been receiving SSI since 1974, and had received similar benefits from the Illinois Department of Public Aid since 1966. She received a Notice of Planned Action from the Department of Health and Human Services on February 5, 1979, stating that her SSI would be reduced by one-third due to the change in her living situation. Plaintiff requested reconsideration, which was denied, and her benefits were reduced in April 1979.

Plaintiff requested and received a hearing before Administrative Law Judge (ALJ) Harrison L. Dod on July 9, 1979. That hearing was reopened for further evidence on December 19, 1979. The ALJ denied plaintiff's request for restoration of her full benefits. The Health and Human Services Appeals Council denied review on August 27, 1980. Thus the decision of the ALJ constitutes the final decision of the Secretary.

This case was filed October 22, 1980. It appears that plaintiff has exhausted her administrative remedies and is properly before this court pursuant to 42 U.S.C. § 405(g). Plaintiff has, in timely fashion, submitted a memorandum to the court. Defendant has not. Section 405(g) authorizes the court to enter judgment on the pleadings. After a thorough review of the record in this case, the decision of the Secretary must be affirmed in part and remanded in part.

## THE APPLICABLE LAW

This court reviews decisions of the Secretary within very narrow limits. Findings of fact are deemed conclusive if supported by substantial evidence, *Lechelt v. Cohen*, 428 F.2d 214 (7th Cir. 1970); 42 U.S.C. § 405(g). The court may also review whether the proceedings below were in conformity with the Regulations and the validity of the Regulations, 42 U.S.C. § 405(g).

Several sections of Title 42 and several Regulations under those sections are relevant here. 42 U.S.C. § 1382 establishes criteria to determine eligibility for SSI, based primarily on income. Section 1382(a) defines income as including both earned and unearned income. Section 1382(a)(2)(A) includes as unearned income any support and maintenance furnished in cash or in kind to an applicant. Further, that section directs that if both support and maintenance are furnished to a person living in another person's household, the benefits to the person are reduced by one-third in lieu of calculation of unearned income. Section 1382a(b)(2)(A) excludes $20 per month of any income from counting against benefits.

■ Relevant regulations under the Act are found at 20 C.F.R. § 416.1125. Section 416.1125(b) provides that the one-third reduction applies when the claimant is living in the household of another, unless claimant can show that he or she is paying a pro-rata share of the total household expenses, 416.-1125(b)(3)(iv). The one-third reduction applies when the claimant lives in his or her own household and receives in-kind support *and* maintenance, 416.125(d)(2). The one-third reduction does not apply when only support *or* maintenance is furnished in kind. The value of the in-kind support or maintenance is considered unearned income, 416.-1125(f). A person is living in his or her own household if the person is renting space at fair market value, 416.1125(b)(3).

## FACTS

Plaintiff moved in with her daughter in 1978. At that time they entered into an oral agreement whereby plaintiff would pay $150 per month for room and board. There was no designation of how much went for room and how much for board. After plaintiff received notice of reduction of her benefits, she entered into a written lease, dated May 9, 1981. She agreed to pay $110 per month for room and $40 per month for food. Petitioner's daughter purchased and prepared all the food consumed in the household consisting of three adults. On July 9, 1979, the agreement was changed. Plaintiff paid $110 per month for room and purchased her food separately.

## PROCEEDINGS BELOW

At a hearing on July 9, 1979, the plaintiff and her daughter appeared and testified as to the living arrangements and the purchase and consumption of food. They also produced exhibits which show the rental agreement and the household expenses. After the hearing, plaintiff submitted evidence of monthly food expenses, which was considered by the ALJ. After the ALJ's decision was announced, plaintiff moved to reopen on grounds of inadequate notice of the issues to be considered. The motion

was granted and a reconvened hearing was held on December 19, 1979. Plaintiff did not attend, but was represented by an attorney. No further testimony was taken, but additional documents were submitted showing expenses and living arrangements.

In a decision dated March 28, 1980, the ALJ made findings based on the prior testimony and all of the records that were submitted. The ALJ found, in pertinent part, that from November 1978 until May 1979 plaintiff was living in the household of another, and that her unapportioned contribution of $150 was not her pro-rata share of total household expenses. As a result, she received both support and maintenance in kind, and the one-third reduction applies to those months. Further, the ALJ found that after May 1979, claimant paid fair market rent of $110, and thus was living in her own household. He further found that she continued to receive support and maintenance in the form of food only, so that the presumptive one-third reduction in § 416.-1125(d) applies. He further found that claimant failed to rebut the presumed value of the food she received in kind. The decision of the ALJ was to reduce claimant's benefits by one-third for the entire period.

### DISCUSSION

### PART I—STANDARD TO BE APPLIED

■ For the period November 1978 through May 9, 1979, the decision of the Secretary is supported by substantial evidence and is properly grounded in the law. The evidence shows that total household living expenses for that time were $760 per month. This figure includes both food and shelter costs. Plaintiff paid $150 per month, which was not apportioned for food or shelter. Plaintiff's pro-rata share would be approximately $186. It is clear that plaintiff did not meet her burden of proving her entitlement to full benefits for those months. The ALJ's findings that plaintiff was in the household of another and receiving both support and maintenance are substantially supported by the record and are thus conclusive. The court also finds that the ALJ properly applied § 416.1125(b) in

reducing plaintiff's monthly benefits by one-third.

■ The time period from May 1979 through the present requires a different analysis. On May 9, 1979, plaintiff executed a written lease, paying $110 per month for room and $40 per month for food. The evidence shows, and the ALJ found, that $110 is the fair market value for plaintiff's shelter. Accordingly, under § 416.1125(b)(3)(ii), plaintiff was living in her own household as of May 9, 1979. The ALJ made a finding to that effect. He further found that plaintiff was receiving in-kind benefits in the form of food only, since the evidence and the testimony showed that $40 per month did not cover plaintiff's food expenses. Since plaintiff was in her own household, the one-third reduction of § 416.1125(b) could not apply, since, by its terms, it applies only to persons living in the household of another. If the ALJ applied that section (Finding # 7 of 3–28–80 decision), it was error to do so.

■ From reading the substance of Finding # 7, it appears that the ALJ applied § 416.1125(d). By its terms, subsection (d) may apply if subsection (b) does not. However, subsection (d) does not apply in this case. According to § 416.1125(d)(2), the section applies when an eligible individual lives in his or her own household and receives support *and* maintenance in kind (emphasis added). The ALJ found that plaintiff received support and maintenance in the form of *food only*, Finding # 6 (emphasis added). The court finds that such a finding is internally inconsistent. While neither the Act nor the Regulations contain an exact definition of the term "support and maintenance," its meaning is made clear by its use in the different sections. The term is used in several sections in the conjunctive and appears to mean *both* food and shelter. For example, § 416.1125(b)(4) states that a person living in another's household is presumed to receive in-kind support *and* maintenance in the form of *both* food *and* shelter unless rebutted. (Emphasis added.) One method of rebuttal

is contained in § 416.1125(b)(6)(iii), which states that if a person does not receive *both* food *and* shelter from the household, he is not receiving support *and* maintenance. (Emphasis added.) These sections must be compared with those that use the term in the disjunctive. For example, § 416.-1125(d)(1) states that the presumptive value applies when a person lives in another's household and receives *only* support *or* maintenance as described in § 416.-1125(c)(1), which refers to receipt of food *only or* shelter *only*, but *not both*. (Emphasis added.) The most convincing section is 416.1125(f) which contains the phrase " . . . only support or maintenance (i. e., room or board) . . . ."

Reading all of the above-mentioned sections together, it is clear that the Secretary meant to treat "support *and* maintenance" and "support *or* maintenance" differently. Therefore, the Secretary's finding that in-kind receipt of food alone constitutes support and maintenance, is not in accord with the Regulations. That finding must be reversed.

Since food alone does not constitute support and maintenance in this case, § 416.-1125(d)(2) cannot apply. If the ALJ reduced plaintiff's benefits under that section, it was error.

■ The proper standard of analysis in this case is found at § 416.1125(f). That section states that the one-third reduction does not apply when only support or maintenance are furnished in kind. The value of the in-kind support or maintenance will be included as unearned income in determining the amount of benefits due. Thus, in the instant case, the value of the food plaintiff consumed, less payments she makes for it, less the $20 per month exclusion, will be treated as unearned income, which may reduce her benefits. The case will be remanded to the Secretary to make those calculations.

## PART II—EVIDENCE

■ On remand, the plaintiff will have the burden of establishing the current market value of the food she has consumed since May 1978. Since there is no presumed value to rely on, the Secretary must accept any reasonable evidence plaintiff can produce. The ALJ had held that although the testimony of plaintiff and her daughter was not fabricated or intentionally misleading, and that the calculations and estimates of monthly food expenses were reasonable, he would not accept them as credible or reliable without documents (i. e., register receipts and actual menus) to support them. The court finds that such a standard does not meet the requirements of the Act or the Regulations.

■ While neither the Act nor the Regulations on SSI contain any statements about what evidence is acceptable, other portions of the Act and Regulations do. Regulation 404.702 under OASDI contains the following definition:

" 'Evidence' means any record, document, *or signed statement* that helps to show whether you are eligible for benefits or whether you are still entitled to benefits." (Emphasis added.)

Additional support is found in the Social Security Administration's own Claims Manual. While the statements in the manual do not have the force or effect of law, they are an indication of the Secretary's interpretation of the law and should be followed, in the absence of firm law to the contrary or compelling indications that he is wrong, *Red Lion Broadcasting Co. v. FCC*, 395 U.S. 367, 89 S.Ct. 1794, 23 L.Ed.2d 371 (1969).

Several sections refer to food expenses and are uniform in this direction that documentary evidence is never required for the food expense. The statement of the person responsible for food purchase is sufficient, *e. g., C.M.* § 12236.3B(1).

■ The court is not suggesting that the Secretary is bound by any particular statements given as to food expenses. The Secretary remains free to determine credibility and weight of whatever evidence, whether testimonial or documentary, is presented in support of a claim. The holding is that when otherwise credible and reasonable evidence is presented, it may not be discounted

merely for lack of supporting documents such as register receipts or menus. It would certainly behoove a claimant to make as firm a documentary case as is reasonably possible, since the burden is on him or her to establish eligibility or continued entitlement.

Accordingly, IT IS ORDERED that the decision of the Secretary, covering November 1978 to May 1979, is AFFIRMED.

IT IS FURTHER ORDERED that the decision covering dates subsequent to May 1979 is REVERSED, and that portion of the decision is REMANDED to the Secretary for further determinations consistent with this opinion.

Judgment shall enter accordingly.