Dorothy EVELYN, Plaintiff-Appellant,

v.

Richard S. SCHWEIKER, Secretary of. Health and Human Services, Defendant-Appellee.

No. 81–4458.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 13, 1982.

Decided Aug. 26, 1982.

Richard A. Gutstadt, Oakland, Cal., for plaintiff-appellant.

Michael J. Tonsing, Asst. U.S. Atty., San Francisco, Cal., for defendant-appellee.

Before CHOY, HUG and NELSON, Circuit Judges.

NELSON, Circuit Judge:

Dorothy Evelyn appeals from the district court's summary judgment affirming the decision of the Secretary finding her liable for an overpayment of Supplemental Security Income ("SSI") benefits. We affirm.

## I. FACTS AND PROCEDURAL CONTEXT

Dorothy Evelyn is the mother of Robert Evelyn, a disabled minor. Beginning in 1974, in accordance with § 1631(a) of Title XVI of the Social Security Act, 42 U.S.C. § 1383(a) [1], Dorothy received SSI disability payments on Robert's behalf as his "representative payee." [2] Benefits were terminated in 1978. Subsequently the Social Security Administration ("SSA") notified Dorothy of an overpayment from October 1974 through March 1978 in the amount of $7,580.99.

---

**1.** 42 U.S.C. § 1383(a)(2) provides in pertinent part:

"Payments of the benefit of any individual may be made to any such individual or to his eligible spouse (if any) ... or, if the Secretary deems it appropriate to any other person ... who is interested in or concerned with the welfare of such individual (or spouse)."

**2.** Subpart F of Chapter III of Title 20 of the Code of Federal Regulations (1982) deals with "Representative Payees." 20 C.F.R. § 416.601 (1982) defines the term as someone selected by the SSA who receives funds for the use and benefit of another.

352

A hearing was held on July 8, 1980 before an Administrative Law Judge ("ALJ"). At that point in the proceedings, the issue was the extent of the SSA's waiver of Dorothy's overpayment refund liability which depended on the extent of her fault.[3] The ALJ found Dorothy liable for only $1,360.38 since she was only at fault for that amount of overpayment. The Appeals Council of the Department of Health and Human Services ("HHS") affirmed and on petition for review the district court granted summary judgment for the Secretary, rejecting appellant's argument that there was no statutory authority for holding liable a representative payee.

## II. LIABILITY OF THE REPRESENTATIVE PAYEE

■ The issue on appeal is whether, despite the lack of specific reference in 42 U.S.C. § 1383(b)(1) to representative payees, there can be a recovery against them of an overpayment of SSI benefits. A purposive analysis of the issue and the statute makes it clear that despite the lack of express inclusion of "representative

payees" in § 1383(b)(1) as among those entitled to recovery for underpayments or liable for overpayments, Congress intended such refunds to be available to the Secretary. This is so in spite of appellant's argument that since § 1383(a)(2) specifically includes representatives as those to whom payments can be made, Congress must have intended to exclude representatives in § 1383(b)(1) when it did not mention them.[4]

The representative merely stands in the shoes of the beneficiary. Just as the beneficiary could not keep the overpayment, neither can the representative. "Payments ... to a representative payee of an eligible individual ... shall constitute payments to such eligible individual ...." 20 C.F.R. § 416.601(b) (1982).

■ It would not make sense to suppose that Congress could have intended to make disabled individuals refund overpayments, but not make their representatives do so even when at fault. It is even more unlikely Congress would have done this without any express provision or explanation.[5]

**3.** 42 U.S.C. § 1383(b)(1) provides in pertinent part:

Whenever the Secretary finds that more or less than the correct amount of benefits has been paid with respect to any individual, proper adjustment or recovery shall ... be made by appropriate adjustments in future payments to such individual or by recovery from or payment to such individual or his eligible spouse (or by recovery from the estate of either). The Secretary shall make such provision as he finds appropriate in the case of payment of more than the correct amount of benefits with respect to an individual with a view to avoiding penalizing such individual or his eligible spouse who was without fault in connection with the overpayment, if adjustment or recovery on account of such overpayment in such case would defeat the purposes of this subchapter, or be against equity or good conscience, or (because of the small amount involved) impede efficient or effective administration of this subchapter.

**4.** H.R.Rep.No.231, 92d Cong., 2d Sess. 2, *reprinted in* 1972 U.S.Code Cong. & Ad.News 4989, 4990 (House Report to provision that became § 1383(b)).

**5.** Further support for our holding is provided by the "Program Operations Manual System" (hereinafter "POMS"), the policy and procedure manual currently used by employees of HHS in evaluating claims. The POMS is available to the public and has replaced the HHS "Claims Manual." POMS § 02205.715 B2(b) makes it clear that at least as a matter of internal policy, it is standard procedure for HHS to recover overpayments from representative payees if the payee was at fault. Because we believe that there is adequate support elsewhere for our holding in this case, we only mention POMS as additional support; we need not address the disputed matter of the precise legal force or persuasiveness of these guidelines. Suffice it to say that while the guidelines do not have the force and effect of law, *Schweiker v. Hansen*, 450 U.S. 785, 789, 101 S.Ct. 1468, 1471, 67 L.Ed.2d 685, 690 (1981); *Morton v. Ruiz*, 415 U.S. 199, 234–35, 94 S.Ct. 1055, 1074, 39 L.Ed.2d 270, 293–94 (1974); *Lewin v. Schweiker*, 654 F.2d 631, 633 (9th Cir. 1981), they are not of absolutely no effect or persuasive force. *Chamberlain v. Schweiker*, 518 F.Supp. 1336 (C.D.Ill.1981); *See Griggs v. Duke Power Co.*, 401 U.S. 424, 433–34, 91 S.Ct. 849, 854–55, 28 L.Ed.2d 158, 165–66 (1971); *Morton v. Ruiz*, 415 U.S. at 232–37, 94 S.Ct. at 1073–75, 39 L.Ed.2d at 292–95.

Appellant argues that *Smith v. Califano,* 597 F.2d 152 (9th Cir.), *cert. denied,* 444 U.S. 980, 100 S.Ct. 481, 62 L.Ed.2d 406 (1979) controls our result here. We disagree. The *Smith* result is entirely consistent with our holding in this case, with congressional intent, and with the statutory scheme. In *Smith,* 597 F.2d at 155–57, the court held that representative payees of deceased beneficiaries would not be compensated by the Secretary for underpayments. Appellant relies on this case to justify their position that there can be no refunds of overpayments either since the statutory language dealing with both situations in § 1383(b)(1) neglects to specifically mention representative payees as among those entitled to recovery for underpayments or liable for overpayments.

The key to the *Smith* case and the purpose of the social security program is meeting the *need*[6] of beneficiaries. Once the need of the beneficiary is extinguished, as by death in *Smith,* there is no longer a reason to pay the beneficiary. The representative payee stands in the beneficiary's shoes and will not be paid in that situation. Likewise, there is no reason deriving from need or otherwise to allow a representative payee to keep an overpayment. This conclusion is buttressed by a discussion in the House Report to the provision that became § 1383(b):

> *Overpayments and underpayments.—*
>
> ... [I]f less than the correct amount of benefits had been paid, the Secretary would pay the balance due to the underpaid individual. If the individual dies before the amount due has been paid to him, or before he negotiates the check representing the correct payment, the amount due would be paid to his eligible spouse, if there is one, and the payment would not be taken into account in deter-

mining the spouse's need under the program. Underpayments, however, would not be paid to the estate of a deceased individual since that would not further the objective of meeting the current needs of individuals. Overpayments, on the other hand, could be recovered from the estate of a deceased individual.

H.R.Rep.No.231, 92d Cong., 2d Sess. 155, *reprinted in* 1972 U.S.Code Cong. & Ad. News 4989, 5141.[7]

The rationale of the legislature, then, is that when death extinguishes the need, additional payment for the beneficiary is superfluous. This explains *Smith,* but does not support appellant's position here. We cannot say that a representative or his beneficiary has any need to keep an overpayment. The need for purposes of the statute extends only so far as the amount properly allocable to this beneficiary or representative and no further. The situation here is no different than when an overpayment is recovered from an estate. Just as an overpayment can be recovered from an estate, but an underpayment will not be adjusted for the benefit of the estate, the same principle applies to representative payees. *Smith,* 597 F.2d at 155.

Accordingly, we

AFFIRM.

---

6. H.R.Rep.No.231, 92d Cong., 2d Sess. 2, *reprinted in* 1972 U.S.Code Cong. & Ad.News 4989, 4990.

7. For the regulations on this matter, see 20 C.F.R. §§ 416.542, 416.570 (1982).