Mary T. GRAHAME, Plaintiff,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.

Civ. A. No. 84–0648(R).

United States District Court, W.D.Virginia, Roanoke Division.

Feb. 5, 1985.

Henry L. Woodward, Legal Aid Society of Roanoke Valley, Roanoke, Va., for plaintiff.

E. Montgomery Tucker, Asst. U.S. Atty., Roanoke, Va., for defendant.

## MEMORANDUM OPINION

TURK, Chief Judge.

Plaintiff has filed this action challenging the final decision of the Secretary of Health and Human Services refusing to waive recovery of an overpayment of supplemental security income benefits which had been paid to plaintiff as representative payee for her natural grandson and adopted son Raymond B. Grahame, III. The provisions for the recovery of overpayment for supplemental security income benefits are set forth under 42 U.S.C. § 1383(b)(1). Jurisdiction of this court is established pursuant to 42 U.S.C. § 1383(c), which incorporates 42 U.S.C. § 405(g). As reflected by the memoranda and argument submitted by the parties,[1] the issues before this court are whether the Secretary's final decision is consistent with the applicable statutory framework governing recovery of overpayments of supplemental security income benefits.

The plaintiff, Mary T. Grahame, is more than seventy years of age. Mrs. Grahame draws social security benefits on her deceased husband's wage earner's account.

---

1. On November 6, 1984, the court requested that the defendant file a memorandum in this case. However, no such memorandum has been filed to date. As the court deems it inappropriate to withhold a decision in this matter any longer, the court will proceed to disposition without benefit of a government brief.

She also receives supplemental security income benefits.[2] Some years ago, Mrs. Grahame adopted her grandson, Raymond Grahame, as her own child. Raymond Grahame reached the age of eighteen on September 19, 1979.

In 1974, Mrs. Grahame made application for supplemental security income benefits for Raymond Grahame as a disabled child. It was determined on initial consideration that Raymond Grahame was disabled due to a personality pattern disturbance. The record reveals that Mrs. Grahame qualified as Raymond Grahame's representative payee and that she received the SSI benefits in his behalf.

In 1977, plaintiff was notified that the Social Security Administration had determined that Raymond Grahame's disability ended in January of 1977 and that he would no longer be eligible for supplemental security income benefits. Mrs. Grahame appealed this decision on Raymond Grahame's behalf and the case eventually reached an Administrative Law Judge for a *de novo* hearing and review. By decision dated June 8, 1978, the Law Judge found that Raymond Grahame remained disabled and that he continued to be entitled to supplemental security income benefits.

On July 29, 1980, Mrs. Grahame was notified that the Social Security Administration had determined that Raymond Grahame's disability ended in January of 1980 and that he would no longer be eligible for supplemental security income benefits. Mrs. Grahame again appealed this decision and the case eventually reached an Administrative Law Judge for a *de novo* hearing and review. On February 24, 1981, the Law Judge held that Raymond Grahame was no longer disabled and that his entitlement to supplemental security income benefits ended in March of 1980. Mrs. Grahame did not seek further administrative review of the Law Judge's decision.

It is undisputed that during the time in which she was appealing the termination of Raymond Grahame's supplemental security income benefits, plaintiff opted to have the benefits continued pending a final administrative resolution of the matter. By virtue of plaintiff's own testimony, it is undisputed that she understood that these interim benefits would have to be repaid if it was eventually determined that Raymond's disability had in fact ended in January of 1980. (TR 24–25). The overpayment amounted to three thousand two hundred forty-two dollars and sixty cents ($3,242.60). It would appear undisputed that Mrs. Grahame expended this sum for Raymond Grahame's benefit. The Social Security Administration undertook to recover the overpayment. The matter of recovery of overpayment eventually reached an Administrative Law Judge for consideration. The Law Judge ultimately determined that Mrs. Grahame and Raymond were not without fault in causing the overpayment and that recovery of the overpayment could not therefore be waived. *See, gen.,* 42 U.S.C. § 1383(b)(1) and 20 C.F.R. § 416.550.

On June 2, 1982, the Social Security Administration notified Mrs. Grahame as representative for Raymond B. Grahame that the overpayment would have to be refunded immediately. Apparently, the overpayment could not be recovered from Raymond B. Grahame. On June 23, 1983, the Social Security Administration notified plaintiff as follows:

We have determined that you received $3,242.60 more in Supplemental Security Income payments on behalf of Raymond B. Grahame than you were due.

On your hearing decision dated May 26, 1982, Administrative Law Judge Toti ruled that you and Raymond were equally liable for this overpayment, that you have failed to show evidence of being without fault in causing the overpayment and that a repayment in full of all overpayments would be proper.

Since June 2, 1982, we have tried to secure an agreement with you regarding this overpayment. All such attempts

---

**2.** At the time of the administrative hearing, Mrs. Grahame received combined benefits in the amount of three hundred twenty-four dollars ($324.00) per month. (TR 69).

have failed. Therefore, beginning August 1, 1983, we will withhold your monthly Supplemental Security Income check to recover the overpayment of $3,242.60 on the record of Raymond B. Grahame for which you were representative payee. (TR 61).

Mrs. Grahame disputed the determination that she was individually responsible for repayment of the amount which she had been overpaid as representative payee. She requested administrative reconsideration of this matter and her case eventually reached another Administrative Law Judge for a *de novo* hearing and review. In an opinion eventually adopted as the final decision of the Secretary by the Social Security Administration's Appeals Council, the Law Judge held that Mrs. Grahame was overpaid $3,242.60; that she was not without fault in accepting the overpayment; that recovery of the overpayment would not defeat the purposes of the Act; and that it made no difference that Mrs. Grahame received the overpayment as a representative payee rather than in her own behalf. (TR 11).

After a review of the record and the applicable statutory and regulatory provisions, the court is constrained to conclude that the Secretary's final decision is erroneous as a matter of law. Under 42 U.S.C. § 1383(b)(1), it is provided as follows:

Whenever the Secretary finds that more or less than the correct amount of benefits has been paid with respect to any individual, proper adjustment or recovery shall, subject to the succeeding provisions of this subsection, be made by appropriate adjustments in future payments to such individual or by recovery from or payment to such individual or his eligible spouse (or by recovery from the estate of either). The Secretary shall make such provision as he finds appropriate in the case of payment of more than the correct amount of benefits with respect to an individual with a view to avoiding penalizing such individual or his eligible spouse who was without fault in connection with the overpayment, if adjustment or recovery on account of such overpayment in such case would defeat the purposes of this subchapter, or be against equity or good conscience, or (because of the small amount involved) impede efficient or effective administration of this subchapter.

As to the method by which an overpayment is to be recovered, 20 C.F.R. § 416.570 provides as follows:

Where a recipient has been overpaid, the overpayment has not been refunded, and waiver of adjustment or recovery is not applicable, the overpayment is adjusted against any payment due the overpaid recipient or his eligible spouse (or recovery from the estates of either or both when either or both die before adjustment is completed). Adjustment will generally be accomplished by withholding each month a part of any benefit payable to the individual except that, when the overpayment is identifiable wholly or as part of the recipient's non-excluded resources or where the overpayment results from the disposition of resources as provided by § 416.1240(b), the overpayment will be adjusted against any payments due the overpaid recipient or his eligible spouse before any further payment is made.

A review of the relevant statutory and regulatory provisions indicates that there is no specific authority by which the Secretary is permitted to recover an overpayment from a beneficiary's representative payee. 42 U.S.C. § 1383(b)(1) specifically provides that such a recovery shall be made by appropriate adjustments in future payments "to such individual or his eligible spouse." This statutory language is mirrored in 20 C.F.R. § 416.570. Similarly, the provisions governing the appointment and service of a representative payee give absolutely no indication that the representative payee may be held personally responsible for an overpayment. *See, gen.,* 20 C.F.R. § 416.601 *et seq.* Under 20 C.F.R. § 416.641, it is provided that a payee may be held personally liable "if the payee misuses the beneficiary's benefits." There is

no suggestion that such a misuse occurred in the instant case.

The court recognizes that in the case of *Evelyn v. Schweiker*, 685 F.2d 351 (9th Cir.1982), the United States Court of Appeals for the Ninth Circuit reached a different conclusion. In holding that an overpayment on behalf of a disabled minor could be recovered directly from the beneficiary's mother and representative payee, the Ninth Circuit was concerned that representative payees might otherwise enjoy an unjust enrichment. *Id.* at 353. Analogizing to the permissible recovery of an overpayment from a deceased beneficiary's estate, the Ninth Circuit held that Congress must have intended that a similar recovery could be had from a representative payee.

The court finds these arguments to be less than persuasive. While it is certainly true that Congress did not intend representative payees to be unjustly enriched because of an uncollectable overpayment, no such benefit will inure to the benefit of the representative payee if the payee expends all sums received on behalf of the beneficiary. If the payee does not use the benefits in this manner, other statutory and regulatory provisions provide for the direct recovery from the payee of any misused benefits. 20 C.F.R. § 416.651. In the instant case, there is no indication or suggestion that Mrs. Grahame misused the overpaid benefits. Indeed, it would appear undisputed that plaintiff expended these sums for the benefit of Raymond Grahame. As will be discussed in more detail *infra*, the record establishes that Mrs. Grahame acted in what she believed to be her adopted son's best interests when she sought to have the termination of his eligibility overturned. Given the earlier, unsuccessful attempt to terminate eligibility, Mrs. Grahame had every reason to believe that she was acting properly in causing the benefits to be continued during the administrative adjudication. In short, the court is simply unable to perceive any basis for concluding that Mrs. Grahame acted improperly. The public policy rationale underlying the decision in *Evelyn v. Schweik-er, supra* does not apply to the instant case.

The court also concludes that a recovery of an overpayment directly from a beneficiary's estate is quite different than the direct recovery from a beneficiary's representative payee. The recovery from a beneficiary's estate is clearly reasonable, since it may be assumed that the beneficiary spent the overpayment for his own purposes. On the other hand, the representative payee is charged to expend all benefits for another person's upkeep. The argument that the representative payee may be held personally responsible for an overpayment is not far removed from an assertion that the administrator of a deceased beneficiary's estate should be held personally liable for an unrecoverable overpayment.

Even though the Secretary has held that Raymond Grahame is no longer disabled, it seems that Raymond Grahame is not so financially independent as to permit a recovery of the overpayment directly from him. Since it is undisputed that all the overpaid benefits were used solely for the benefit of Raymond Grahame, the court sees no basis for holding that this case is unlike any other in which the Secretary is unable to recover an overpayment directly from the beneficiary. The court holds that 42 U.S.C. § 1383(b) and 20 C.F.R. § 416.570 cannot be interpreted so as to permit the recovery of the overpayment directly from plaintiff.

Even assuming that 42 U.S.C. § 1383(b) can be applied so as to permit a recovery directly from a representative payee, the court is of the opinion that the facts in this case do not support the Secretary's final decision. Under 42 U.S.C. § 1383(b)(1), it is provided that the Secretary will not recover overpayments in certain, specified circumstances. In implementing this statutory provision, 20 C.F.R. § 416.550 provides as follows:

*Waiver of adjustment or recovery—when applicable.*

Waiver of adjustment or recovery of an overpayment of supplemental security in-

come benefits is applicable (see section 1631(b) of the Act) when:

(a) The overpaid individual was without fault in connection with an overpayment, and

(b) Adjustment or recovery of such overpayment would either:

(1) Defeat the purpose of title XVI, or

(2) Be against equity or good conscience, or

(3) Impede efficient or effective administration of title XVI due to the small amount involved.

As previously noted, the Administrative Law Judge found that Mrs. Grahame was not without fault in accepting the overpayment on behalf of Raymond Grahame, and that recovery of the overpayment would not defeat the purposes of the Act. The court concludes that these factual findings are not supported by substantial evidence.

It is undisputed that in opting to continue to receive benefits during the administrative appeal of the termination of Raymond Grahame's benefits, Mrs. Grahame understood that the Secretary could require repayment of the benefits if the termination of eligibility was upheld. However, it appears to the court that if the Secretary wishes to hold plaintiff liable for the overpayment solely because of her status of representative payee, the question of "fault" must be evaluated in terms of the options which were available to Mrs. Grahame in her status as representative payee.

In determining to appeal the Secretary's termination of Raymond Grahame's supplemental security income benefits, plaintiff had reason to expect that the appeal might well result in the reinstatement of his eligibility. As noted above, the Secretary had previously attempted to terminate Raymond Grahame's SSI eligibility. However, the administrative decision was overturned after a *de novo* hearing and review before an Administrative Law Judge. Thus, Mrs. Grahame had every reason to believe that another appeal would meet with success. Furthermore, it is essentially undisputed that the social security benefits which Mrs. Grahame personally received were not suf-

ficient for the upkeep of two persons. Thus, acting in what she believed to be her son's best interests and in a manner consistent with her responsibility as a representative payee, it is not unreasonable that Mrs. Grahame opted to have her son's benefits continued during the administrative adjudication. It might be argued that Mrs. Grahame acted in her own best interests in determining to continue the benefits in that she would not have to share her already meager income with the son who she believed to be disabled. However, the Secretary now seeks to recover the overpayment from Mrs. Grahame not because she was the mother of the beneficiary but because she was his representative payee. Considering the matter from this perspective, the court believes that Mrs. Grahame would have been negligent had she handled the matter any differently than she did. Acting in her capacity of representative payee, the court finds that Mrs. Grahame was not at fault in taking any of the actions that she did.

It is undisputed that an adjustment of Mrs. Grahame's personal social security benefits so as to permit a recovery of the overpayment would defeat the purpose of Title XVI. Mrs. Grahame is entitled to supplemental security income benefits only because her income through her regular social security benefits is very limited. Furthermore, given the circumstances of this case, it is obvious that the recovery of the overpayment from Mrs. Grahame is against equity and good conscience. For these reasons, the court concludes that the Secretary erred in refusing to waive the recovery of the overpayment in the instant case.

The court has concluded that the Secretary was without statutory or regulatory authority to recover the overpayment of supplemental security income benefits to Raymond Grahame through an adjustment of the social security benefits of his representative payee. Furthermore, even assuming that the Secretary had the legal authority to adjust the benefits of the representative payee, the court concludes that

the Secretary's factual findings in this matter are not supported by substantial evidence. Finally, the court concludes that the facts and circumstances in this case can only be interpreted so as to necessitate a waiver of recovery of the overpayment of supplemental security income benefits from the plaintiff, Mary T. Grahame.[3] Accordingly, defendant's motion for summary judgment must be denied. The final decision of the Secretary will be reversed with judgment entered in favor of the plaintiff, Mary T. Grahame. An appropriate judgment and order will be entered this day.

---

**3.** Of course, the court's decision in this matter has no bearing on any additional efforts the Secretary may wish to make to recover the overpayment from the primary beneficiary, Raymond Grahame.