**Frank MALLETT, Appellant,**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services, Appellee.**

No. 82–1992.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 12, 1983.

Decided Nov. 23, 1983.

Thomas & Nussbaum, P.A., Little Rock, Ark., for appellant.

J. Paul McGrath, Asst. Atty. Gen., Washington, D.C., George W. Proctor, U.S. Atty., Little Rock, Ark., Frank V. Smith, III, Regional Atty., Paul Smith, Asst. Regional Atty., U.S. Dept. of Health and Human Services, Dallas, Tex., for appellee.

Before BRIGHT, FAGG and BOWMAN, Circuit Judges.

PER CURIAM.

Frank Mallett appeals from the district court's judgment affirming the Secretary of Health and Human Services' final decision denying him disability benefits and supplemental security income. Because the record does not contain substantial evidence to support the conclusion of the Administrative Law Judge (ALJ) that Mallett's nonexertional impairment did not diminish his capacity to perform sedentary work, we reverse and remand for further proceedings.

The ALJ found that Mallett had the following medically documented impairments, which precluded him from returning to his former work: (1) an exertional impairment consisting of a cervical sprain and lumbosacral strain superimposed on a preexisting mechanical weakness at the lumbosacral level, and (2) a nonexertional impairment consisting of a psychophysiological musculoskeletal disorder, characterized by depression and increased sensitivity to pain. Considering only his exertional impairment, the ALJ concluded that Mallett nevertheless had the residual functional capacity (RFC) for at least sedentary work. Mallett's nonexertional impairment, according to the ALJ, did not significantly limit his RFC. Thus, in determining disability, the ALJ relied solely on the Medical Vocational Guidelines, which directed a conclusion that Mallett was not disabled.

There is insufficient evidence in this record to support the ALJ's conclusion that

Mallett's depression did not significantly limit his residual functional capacity for sedentary work. To so conclude, the ALJ would have had to find that Mallett's depression did not prevent him from engaging in the full range of jobs contemplated by the exertional category for which he otherwise qualified. *See Tucker v. Schweiker,* 689 F.2d 777, 780 (8th Cir.1982). In the absence of additional medical evidence clarifying the nature of Mallett's psychological condition and vocational expert testimony, any such determination is mere speculation.

■ Mallett testified that he was depressed and prone to "crying spells," that he had difficulty sleeping and coping with stress, and that he avoided contact with other people because he was easily irritated and preferred to be alone. The ALJ discredited these complaints, asserting that there was "no corroborating objective medical evidence in the record." This court has frequently observed that a claimant's subjective complaints may not be disregarded solely because corroborating objective evidence is absent. *See, e.g., Brand v. Secretary of the Department of Health, Education and Welfare,* 623 F.2d 523, 526 (8th Cir.1980). Furthermore, in this case, Mallett's complaints were corroborated by medical reports.

Mallett was admitted to outpatient status at the Greater Little Rock Mental Health Center on June 9, 1980. On that date, Dr. E.N. Hill examined Mallett, diagnosed him as having a psychophysiological musculoskeletal disorder, and prescribed medication. In a narrative medical report based on his subsequent psychiatric evaluation of Mallett, Dr. Hill noted that Mallett's "overall mood was one of depression" and that he "appeared very preoccupied with his recurring headaches and constant back pain." He opined that Mallett would benefit from individual psychotherapy and continued care in a chronic pain management training program. In response to a psychiatric questionnaire, Dr. Hill indicated that, based on his evaluation of Mallett's psychiatric status, Mallett's residual ability to perform complex tasks, varied tasks, and work requiring frequent contact with others was "poor." In addition, he estimated that Mallett's psychiatric problem had caused a moderate impairment of his ability to relate to others, a moderate restriction of his daily activities, a moderate deterioration in his personal habits, and a moderately severe constriction of his interests.

■ On the basis of this evidence, the ALJ found that Mallett suffered from a nonexertional impairment. The Secretary nevertheless relied on the Medical Vocational Guidelines to satisfy his burden of showing that jobs are available in the national economy for a person with Mallett's capabilities and qualifications. The Guidelines, however, "are predicated on a claimant's *physical* capacity for work and they do not account for the fact that certain jobs available to persons with the claimant's physical capacity may 'be contraindicated by [his] nonexertional limitations.'" *Tucker v. Schweiker,* 689 F.2d 777, 780 (8th Cir.1982) (quoting 20 C.F.R. Part 404, Subpart P, App. 2, § 200.00(e)(2)). Where the claimant suffers from a nonexertional impairment, the Guidelines cannot take the place of vocational expert testimony as to what jobs a person with the claimant's physical and psychological limitations can perform. *Id.* In the absence of such testimony here, we cannot find that the Secretary met his burden.

Although the medical evidence establishes the existence of Mallett's nonexertional impairment, the nature and severity of that impairment are unclear. The severity of the impairment is, of course, not controlling; even a mild impairment may prevent a claimant from engaging in the full range of jobs contemplated by a certain exertional category. *Id.* Additional medical evidence is necessary, however, so that a vocational expert called to testify will understand the extent of Mallett's nonexertional impairment. Only then can he or she accurately determine the impact of this impairment on Mallett's ability to engage in the full range of jobs contemplated for those with the RFC for sedentary work.

For these reasons, we vacate the district court's judgment, with instructions to remand the case to the Secretary for further consideration, giving both parties the opportunity to produce additional evidence clarifying the nature of Mallett's psychological condition and the Secretary the opportunity to present vocational expert testimony.