Lorraine POLASKI, et al., Plaintiffs,

v.

Margaret M. HECKLER, Secretary of the Department of Health and Human Services, Defendant.

Civ. No. 4–84–64.

United States District Court,
D. Minnesota,
Fourth Division.

April 17, 1984.

See also, D.C., 585 F.Supp. 1004.

Mary G. Grau, Legal Aid Society of Minneapolis, Minneapolis, Minn., lead counsel for plaintiffs.

James M. Rosenbaum, U.S. Atty. by Paul W. Day, Asst. U.S. Atty., Minneapolis, Minn., for defendant.

## ORDER

MILES W. LORD, Chief Judge.

This matter comes before the court on plaintiff's motions for conditional class certification, leave to file an amended complaint and a temporary restraining order. The central issues at the heart of these motions concern certain standards used by the Secretary of Health and Human Services (Secretary) in evaluating claims for disability insurance benefits under Title II and Title XVI of the Social Security Act.

Plaintiff Lorraine Polaski is a 50-year-old resident of Hennepin County who began receiving disability benefits in 1979. Four years later, in 1983, the Secretary declared that Polaski was no longer disabled and therefore terminated her benefits. Polaski contends that this decision was not supported by substantial evidence because it improperly discounted her allegations of pain and because there was no evidence to show either that her condition had improved or that the original decision finding her disabled was erroneous.

Polaski further contends that hers is not an isolated case of improper decision-making by the Secretary. Instead, Polaski argues that the Secretary is using erroneous standards on pain and medical improvement on a systemwide basis and that the Secretary's policies run contrary—directly and flagrantly—to the law as set out by

the Court of Appeals for the Eighth Circuit. Thus, Polaski seeks to expand her action to include other disability claimants who find themselves in a position similar to hers.

## AMENDED COMPLAINT

Polaski moves to file an amended complaint, which includes class action allegations and seeks declaratory and injunctive relief on a class-wide basis.

■ After plaintiff filed this motion for an amended complaint, the Secretary on April 13 declared a nationwide moratorium on the termination of benefits under Title II and Title XVI on medical or medical-vocational grounds. The government now claims that the amended complaint should not be allowed because members of the proposed class are either non-existent or unidentifiable at the present time. Counsel for plaintiff strongly disagree. They contend that the moratorium declared by the Secretary does not affect plaintiff Polaski and other individuals like her whose benefits have been terminated and who have exhausted their administrative remedies before the Secretary. This much appears clear from this court's interpretation of the Secretary's moratorium. Likewise, as argued by plaintiff's counsel, the moratorium does not affect first-time applicants who have received an adverse determination before the Secretary where they have claimed disability based upon their subjective complaints of pain.

Furthermore, federal courts follow a liberal policy in allowing motions to amend pleadings. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Buder v. Merrill Lynch, Pierce, Fenner & Smith*, 644 F.2d 690, 694 (8th Cir.1981). As stated in Rule 15(a), Fed.R.Civ.P., "leave [to amend pleadings] shall be freely given when justice so requires."

For these reasons, the court concludes that the amended complaint, with the addition of named plaintiff Patrick Blaschko, is proper and shall be allowed.

## CLASS CERTIFICATION

The class which plaintiff seeks to certify consists of other claimants who allege that they are unable to work because of pain or other subjective complaints and/or that their medical condition has not improved since their initial applications for disability status were approved. More precisely, the class as proposed by plaintiff is defined as follows:

All persons residing in Minnesota, North Dakota, South Dakota, Missouri, Nebraska or Iowa,

(a) Who have been or will be notified that their application for Title II and/or Title XVI benefits have been denied or that their Title II and/or Title XVI benefits are being terminated on medical or medical/vocational grounds; and

(b) Who allege that they are unable to work in whole or in part because of pain or other subjective complaints and/or that their medical condition has not improved; and

(c) Who are pursuing or will pursue timely, administrative or judicial appeals, or, if not pursuing timely appeals, who have received or will receive an adverse decision at any level of the administrative review process on or after January 30, 1984,

(d) Provided, however, that the class of persons whom plaintiffs represent shall exclude persons who are members of class actions which have been certified in any court in the Eighth Circuit which challenge the Secretary's policy with regard to a medical improvement standard or the evaluation of pain and other subjective complaints; provided that such persons shall be excluded from this class only with regard to the issue or issues actually being litigated in such other certified class actions.

This proposed class was defined to include all claimants within the jurisdiction of the Court of Appeals for the Eighth Circuit whose claims regarding the Secretary's standards on pain and medical improvement are not already being dealt with in some type of unified action. Thus, the

proposed class does not include claimants residing in Arkansas, which has imposed its own moratorium on benefits terminations and which has been following the law of the Eighth Circuit regarding pain and medical improvement for some time. Likewise, the class would not include claimants alleging disability due to pain in Missouri, where a class already has been certified on this issue. (The Missouri class is the only one brought to this court's attention which would be covered by paragraph (d) of the present class certification).

The class includes only those claimants whose cases have been decided on medical or medical-vocational grounds. The class does not include persons who have had their disability claims decided on other grounds, such as refusal to cooperate, excess assets, or engaging in substantial gainful activity.

■ This court finds that the proposed class meets all of the requirements for certification as set out in Rule 23(a) and (b)(2), Fed.R.Civ.P.

The class as defined is so numerous that "joinder of all members is impracticable." Rule 23(a)(1), Fed.R.Civ.P. Using projections and extrapolations from government data, plaintiffs estimate that the class includes 4,200 claimants whose benefits were terminated without the use of a medical improvement standard and 2,430 claimants whose allegations of pain or other subjective symptoms were improperly evaluated. This amounts to a class size of 6,630, clearly satisfying the numerosity requirements of Rule 23.

This case involves common questions of law and fact concerning the Secretary's policies as to the evaluation of pain or other subjective complaints and medical improvement. These policies appear to have been promulgated at the highest level of the Social Security Administration and appear to have been applied uniformly to the class as a whole. The claims of the representative parties are typical of those of the class, and final injunctive or declaratory relief may well be appropriate. Thus, the

requirements of Rule 23(a)(2), 23(a)(3) and 23(b)(2) are met.

This court is also satisfied that the representative parties "will fairly and adequately protect the interests of the class." Rule 23(a)(4), Fed.R.Civ.P. Plaintiffs' counsel are legal services attorneys with extensive experience in the areas addressed by this action and will vigorously pursue the litigation.

Finally, this court has jurisdiction over all members of this proposed class by virtue of both section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), and the mandamus statute, 28 U.S.C. § 1361. *Mental Health Association of Minnesota v. Heckler*, 720 F.2d 965 (8th Cir.1983).

## TEMPORARY RESTRAINING ORDER

Plaintiffs seek a temporary restraining order to enjoin the Secretary from applying the improper pain and medical improvement standards and to require the Secretary to freeze certain case files in their current locations. This order would halt the denial and termination of benefits, thereby preserving the status quo until this court can make a ruling on the proper standards and the appropriateness of further relief.

■ This court finds that such an order is warranted at this time, the plaintiffs having demonstrated with ample sufficiency that they have an excellent chance of succeeding on the merits of their action, that they will suffer irreparable harm if a restraining order is not entered forthwith, that the impact of this order on the Secretary is far outweighed by the interests of the plaintiffs in obtaining immediate relief and that the order is in the public interest. *See Dataphase Systems, Inc. v. CL Systems, Inc.*, 640 F.2d 109, 114 (8th Cir.1981).

Plaintiffs claim in essence that the Secretary has placed herself above the law by refusing to comply with the edicts of the Court of Appeals for the Eighth Circuit.

On the issue of pain, plaintiffs cite to some 19 cases which hold that the Secretary must give serious consideration to a claimant's subjective complaints of pain,

even where such complaints are not fully corroborated by objective medical evidence.[1] Despite these rulings, the Secretary appears to continue to require the individual claimant to prove a direct cause and effect relationship between the objective medical evidence and the amount of pain suffered.

Such is the burden placed upon plaintiff Polaski, whose claim for disability benefits rests upon her allegations of severe and continuous pain. After receiving notice of her termination from benefits, Polaski requested and received a hearing before an administrative law judge (ALJ). In evaluating Polaski's claims of pain, the ALJ first gave lip service to the Eighth Circuit's rulings and then concluded that "none of the medical reports contain any significant findings to substantiate constant, severe, intractable pain." (Transcript of administrative proceedings, p. 28).

The Court of Appeals recently took note of the Secretary's policy of disregarding the law of this circuit:

> For some unexplained reason, the Secretary insists upon ignoring this Court's statements with respect to the proper evaluation of pain. The Secretary must give consideration to subjective complaints of pain and may not disregard them solely because they are not fully corroborated by the objective medical evidence.

*Nelson v. Heckler,* 712 F.2d 346, 348 (8th Cir.1983).

The Eighth Circuit again had occasion to criticize the Secretary for failing to abide by the proper standard in the case of *Hillhouse v. Harris,* 715 F.2d 428, 430 (8th Cir.1983). The court, in quoting from the lower court opinion, stated:

> The result of this individual case should not obscure the fact that the regulations of HHS are not the supreme law of the land. 'It is emphatically the province and duty of the judicial department, to say what the law is,' *Marbury v. Madison,* 1 Cranch 137, 177, 2 L.Ed. 60 (1804); and the Secretary will ignore that principle at his peril.

715 F.2d at 430. Judge McMillian in the same case commented separately:

> While I concur wholly in everything said in the majority opinion, I think more is needed to be expressed. I have no wish to invite confrontation with the Secretary. Yet, if the Secretary persists in purusing here nonacquiescence in this circuit's decisions, I will seek to bring contempt proceedings against the Secretary both in her official and individual capacities.

*Id.* at 430.

In a recent law review article, Judge Heaney of the Eighth Circuit recognized the Secretary's policy of nonacquiescence:

> The SSA apparently has directed that decisions of both the district courts and the courts of appeals should be ignored in deciding whether to grant or deny benefits to individual claimants. A memo to all ALJs dated January 7, 1982, from the Associate Commissioner of the Office of Hearings and Appeals, is typi-

---

1.  The cases cited by the plaintiffs are:

    *Yawitz v. Weinberger,* 498 F.2d 956 (8th Cir. 1974); *Lund v. Weinberger,* 520 F.2d 782 (8th Cir.1975); *Brand v. Secy. of Dept. of Health, Etc.,* 623 F.2d 523 (8th Cir.1980); *Ragsdale v. Secy. of Dept. of Health,* 623 F.2d 528 (8th Cir.1980); *Cole v. Harris,* 641 F.2d 613 (8th Cir.1981); *Tucker v. Schweiker,* 689 F.2d 777 (8th Cir.1982); *Thorne v. Schweiker,* 694 F.2d 170 (8th Cir.1983); *McDonald v. Schweiker,* 698 F.2d 361 (8th Cir.1983); *Simonson v. Schweiker,* 699 F.2d 426 (8th Cir.1983); *O'Leary v. Schweiker,* 710 F.2d 1334 (8th Cir. 1983); *Bastian v. Schweiker,* 712 F.2d 1278 (8th Cir.1983); *Nettles v. Schweiker,* 714 F.2d 833 (8th Cir.1983); *Baugus v. Scy. of HHS,* 717 F.2d 443 (8th Cir.1983); *Streissel v. Schweiker,* 717 F.2d 1231 (8th Cir.1983); *Mallet v. Schweiker,* 721 F.2d 256 (8th Cir.1983); *Warner v. Heckler,* 722 F.2d 428 (8th Cir.1983); *Tome v. Schweiker,* 724 F.2d 711 (8th Cir. 1983); *Nelson v. Heckler,* 712 F.2d 346 (8th Cir.1983); *Hillhouse v. Harris,* 715 F.2d 428 (8th Cir.1983).

    This list does not include the numerous decisions of district courts which also direct the Secretary to employ the proper standard regarding complaints of pain. *See, e.g., Roberts v. Schweiker,* 583 F.Supp. 724 (D.Minn.1984); *Fenus v. Schweiker,* 584 F.Supp. 45 (D.Minn.1983).

cal of the Secretary's approach. The memo emphasized that the Deputy Assistant General Counsel 'stressed the point that the federal courts do not run SSA's programs, and that the ALJs are responsible for applying the Secretary's policies and guidelines *regardless of court decisions below the level of the Supreme Court.*'

Heaney, *Why the High Rate of Reversals in Social Security Disability Cases?*, 7 Hamline Law Review 1, 9 (1984).

Plaintiffs also claim that the Secretary has failed to follow the proper standard in termination cases. Historically, the Secretary in such cases had employed a medical improvement standard, under which the claimant's current condition was compared with the condition supporting the original finding of disability, and benefits were terminated only if claimant's condition showed the requisite improvement. *See Graham v. Heckler,* 573 F.Supp. 1573, 1575 n. 1 (W.Va.1983). Sometime in 1980, the Secretary abandoned this policy, and adopted a "current disability" standard for termination of disability benefits. Once this new policy reached the courts by way of appeal, it was overwhelmingly rejected as improper. *See, e.g., Lopez v. Heckler,* 725 F.2d 1489 (9th Cir.1984); *Dotson v. Schweiker,* 719 F.2d 80 (4th Cir.1983); *Kuzmin v. Schweiker,* 714 F.2d 1233 (3rd Cir.1983); *Simpson v. Schweiker,* 691 F.2d 966 (11th Cir.1982); *Patti v. Schweiker,* 669 F.2d 582 (9th Cir.1982); *Weber v. Harris,* 640 F.2d 176 (8th Cir.1981); *Hyatt v. Heckler,* 579 F.Supp. 985 (N.C.1984); *Doe v. Heckler,* 576 F.Supp. 463 (Md.1983); *Graham v. Heckler,* 573 F.Supp. 1573 (W.Va.1983); *Musgrove v. Schweiker,* 552 F.Supp. 104 (Pa.1982); *Shaw v. Schweiker,* 536 F.Supp. 79 (Pa.1982). These courts have all held that the Secretary must follow the medical improvement standard, and that the burden of showing the necessary improvement rests with the Secretary.

Plaintiffs argue that the Secretary has violated both the Social Security Act and the Constitution by failing to follow the proper standards regarding pain and termi-

nation. The cases cited by plaintiffs strongly support a finding that the Secretary is not adhering to its constitutional duty to provide due process to individual claimants. By not following the law of this circuit, the Secretary adopts a course of action in disregard of the fundamental fairness due each claimant. The Secretary further appears to be in violation of the constitutional doctrine of separation of powers. As was first made clear in the Supreme Court case of *Marbury v. Madison, supra,* it is the duty of government agencies to follow the law as interpreted by the courts. Apparently, the Secretary has chosen not to do so. While this court is now considering these matters only preliminarily, it is convinced that there is a strong likelihood that plaintiffs will prevail on the merits of their claims. A further and more detailed discussion of these issues will be required upon a full hearing on plaintiffs' motion for a preliminary injunction.

As for irreparable harm, the class of plaintiffs consists of disabled persons for whom Social Security benefits may be their sole source of support. Substantial and irreparable harm is likely to befall these people if their benefits are denied or terminated.

Affidavits submitted by plaintiffs demonstrate the urgency of their plight. Plaintiff Polaski, who states that her disability is worsening, is not able to buy the basic necessities of life without her disability benefits. Carrie F. Turner, a Missouri woman with a heart condition whose benefits were cut off in 1982, states in her affidavit that she has been forced to borrow money from her mother and daughter, whose income derive, in turn, solely from Social Security and AFDC payments. Turner does not have enough money to pay her bills for utilities, food, medications. She begs for assistance at churches and social agencies.

The hardships of the class were summed up in affidavits filed by James Marshall Smith, an attorney with Legal Aid of Western Missouri, and Doretta Henderson, chairperson of the Kansas City Chapter of

the National Welfare Rights Organization, as follows:

> During the appeal period in federal court, which can frequently take in excess of one year, our clients are without benefits. They have many other legal problems as a result, such as eviction suits, collection suits from creditors, problems with utility shut offs, etc. Within the last eighteen months I can remember offhand five of our clients who have died during the appeal process. (Affidavit of Smith)

> After being terminated from benefits, many individuals are unable to pay for medical care and obtain the necessary prescriptions for their illness. We also find that individuals often are unable to pay their rent or housing costs, with some individuals losing their homes because of their inability to meet the payments. (Affidavit of Henderson)

In sum, this court finds that plaintiffs have satisfied all of the requirements for a temporary restraining order. Plaintiff Polaski has properly presented her claims before this court and has exhausted her administrative remedies. Only before this court can she—and the class members whom she represents—pursue full and adequate relief.

Accordingly, IT IS HEREBY ORDERED That defendant, her employees, agents and assigns shall:

1. Be enjoined from denying or terminating Title II benefits and from denying Title XVI benefits at any level of administrative review, and from terminating Title XVI benefits at the Administrative Law Judge or Appeals Council levels until a further order of this court concerning the proper standards to be used for the evaluation of pain and other subjective complaints and the proper medical improvement standard.

2. Assure that all Social Security Administration District Offices within the Eighth Circuit retain all Title II and/or Title XVI files in which an adverse initial or reconsideration determination has been or will be made dated on or after January 30, 1984 unless or until the claimant files a timely appeal;

3. Assure that the Appeals Council of the Social Security Administration retains all files in which an adverse decision has been or will be rendered by an Administrative Law Judge or by the Appeals Council dated on or after January 30, 1984 unless or until it is appealed;

4. Issue a teletype to all Social Security Administrative District Offices within the Eighth Circuit and to the Appeals Council containing the instructions set forth in the foregoing paragraphs 1, 2 and 3 within 24 hours of the issuance of this order. The defendant shall send copies of the teletype to plaintiffs' attorneys and to this court.

This temporary restraining order shall stand until the court issues a further order regarding a preliminary injunction, a hearing for which has been set for 2 p.m. April 26.

IT IS FURTHER ORDERED That plaintiffs' motion for leave to file an amended complaint is granted.

IT IS FURTHER ORDERED That plaintiffs' motion for class certification, as defined by this order, is granted.

IT IS FURTHER ORDERED That the government's motions to stay proceedings and to strike portions of plaintiffs' complaint are denied.

IT IS FURTHER ORDERED That by 5 p.m. April 24, 1984, the parties shall provide to this court briefs detailing their respective positions concerning possible future relief for this class, particularly on the issue of the immediate reinstatement of benefits for those individuals whose benefits have been terminated and the immediate payment of benefits to class members whose initial applications have been denied.

IT IS FURTHER ORDERED That by 5 p.m. April 24, 1984, the Secretary shall provide to this court an estimate of the number of persons covered by the class as defined by this order.