796 F.2d 1261
 14 Soc.Sec.Rep.Ser. 276, Unempl.Ins.Rep. CCH 16,881
Ethel BELVEAL, David Christensen, and Virginia Leavitt, on
behalf of themselves and all others similarly
situated, Plaintiffs-Appellants,
v.
Margaret HECKLER, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 84-2647.
 United States Court of Appeals,
Tenth Circuit.
 July 14, 1986.
Rehearing Denied Sept. 17, 1986.
 
 Elaine Bodurtha of Wind River Legal Services, Inc., Ft. Washakie, Wyo., for plaintiffs-appellants.
 Jeffrey C. Blair, Asst. Regional Atty., of the Dept. of Health and Human Services, Denver, Colo. (Donald S. Luedemann, Regional Atty., Thomas A. Nelson, Jr., Deputy Regional Atty., and Patricia L. Bossert, Asst. Regional Atty., of Dept. of Health and Human Services, Denver, Colo.; and Richard A. Stacy, U.S. Atty., Toshiro Suyematsu, and William V. Eichelberger, Asst. U.S. Attys., of Cheyenne, Wyo., with him on brief) for defendant-appellee.
 Before LOGAN, TIMBERS*, and MOORE, Circuit Judges.
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 Plaintiffs Ethel Belveal, David Christensen, and Virginia Leavitt filed suit on April 3, 1984, in the United States District Court for the District of Wyoming on behalf of themselves and all other similarly situated social security disability beneficiaries residing in Wyoming. The suit challenged the termination of disability benefits by the Secretary of Health and Human Services (the Secretary) without a demonstration that a beneficiary's medical condition had improved. The district court denied the plaintiffs' motion for certification of the class on May 18, 1984, and overruled plaintiff's subsequent motions to vacate and to reconsider the order denying certification. On November 28, 1984, the district court entered an order stating that its prior denial of class certification was made final by its order of October 31, 1984, remanding Belveal's individual case to the Secretary pursuant to Sec. 2 of the Social Security Disability Benefits Reform Act of 1984 (the Reform Act). We conclude that because Sec. 2(d)(5) of the Reform Act precludes certification in a class action relating to application of the medical improvement standard after September 19, 1984, the district court's final order of October 31, 1984, denying class certification must be affirmed.
 
 
 2
 Plaintiff Belveal originally filed this suit as an individual action on November 3, 1983, claiming that termination of her social security disability benefits was improper because the Secretary failed to demonstrate that Belveal's medical condition had improved. After the district court granted plaintiff leave to amend her complaint, Belveal, David Christensen, and Virginia Leavitt filed the suit as a class action. The proposed class included all social security disability insurance beneficiaries residing in Wyoming who had presented a claim to the Secretary that their disability benefits continued and whose entitlements had been terminated or may have been terminated without application of the medical improvement standard to their case.[1]
 
 
 3
 At the time the suit was filed as a class action, the Secretary was applying the medical improvement standard in several states. Her partial acquiescence followed the institution of several class action suits asserting the necessity of applying the standard before termination of disability benefits.[2] The circuit courts of appeal were virtually unanimous in holding that the Secretary must show improvement of a claimant's medical condition before disability benefits could be terminated. Despite this court's recognition of the medical improvement standard, Byron v. Heckler, 742 F.2d 1232 (10th Cir.1984), plaintiffs contend the Secretary refused to apply the standard to disability beneficiaries in Wyoming.
 
 
 4
 On May 18, 1984, the district court denied, without explanation, plaintiffs' motion to certify the class. Plaintiffs moved to vacate the court's order. A hearing on the motion was held on May 26, 1984, and the district court denied the motion on September 13, 1984, again without explanation. On September 17, 1984, plaintiffs moved for reconsideration of class certification in light of final changes in the proposed Reform Act. After a hearing, the district court denied the motion for reconsideration on September 25, 1984. Once again, the court's reasons for denying class certification were not disclosed in its order.
 
 
 5
 On October 31, 1984, Plaintiff Belveal's appeal on the merits was remanded to the Secretary pursuant to Sec. 2(d)(2) of the Reform Act.[3] Ultimately, the benefits of plaintiffs Belveal and Leavitt were reinstated. Mr. Christensen was also found eligible for benefits. Most of the unnamed members of the proposed class have received or will receive the relief sought in the suit through the operation of the provisions of the Reform Act. All current and future disability recipients will have the medical improvement standard applied in reviews of their cases. Putative class members with individual cases pending on September 19, 1984, have had their cases remanded to the Secretary for review under the medical improvement standard pursuant to Sec. 2(d)(2)(C) of the Reform Act. Individual class members whose cases were in the process of administrative appeal have had the medical improvement standard applied to them under Secs. 2(d)(2)(B) and (D).
 
 
 6
 However, one group of proposed class members remains without an opportunity for the relief sought in the class action as a result of the district court's denial of class certification. Unnamed class members whose benefits were terminated without application of the medical improvement standard and who were not involved in either administrative or judicial review of the termination as of September 19, 1984, are not entitled, under the terms of Sec. 2(d)(2), to remand to the Secretary for reconsideration under the proper standard. Under Sec. 2(d)(3), unnamed class members who have been determined not to be entitled to benefits and who do not come under the provisions of Sec. 2(d)(2) will have their cases remanded to the Secretary only if they are members of a class certified on or before September 19, 1984, in a class action relating to medical improvement pending on that date.[4] Thus, the district court's refusal to certify the class leaves the unnamed class members whose individual cases were not entitled to remand under Sec. 2(d)(2) without the opportunity to have the medical improvement standard applied to their termination of benefits.
 
 
 7
 On appeal, the plaintiffs argue that the unnamed class members, whom they estimate number 262, should not be left without a remedy because they were improperly terminated as beneficiaries as the result of the Secretary's refusal to apply the medical improvement standard. They contend that Sec. 2(d)(5) of the Reform Act was not intended to restrict the right to appeal an erroneous denial of class certification when the original denial occurred prior to September 19, 1984.[5] According to Supreme Court precedent as expressed in Deposit Guaranty National Bank v. Roper, 445 U.S. 326, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980) and United States Parole Commission v. Geraghty, 445 U.S. 388, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980), plaintiffs contend that certification of a class following an erroneous denial of certification relates back to the original denial and preserves jurisdiction. Plaintiffs rely on the relation-back doctrine both to avoid the bar expressed in the September 19, 1984 deadline and to support their argument that satisfaction of the named plaintiffs' claims in this case does not moot the issue of class certification.
 
 
 8
 The Secretary contends that the plain language of Sec. 2(d)(5) of the Reform Act is an absolute bar to certification of the proposed class at this time. The Secretary cites the legislative history of the Reform Act as evidence of Congress's intent to protect against the substantial increase in the cost of the legislation resulting from a rash of certifications after the effective date of the Reform Act by limiting the availability of remand and reconsideration to those who either exercised their appeal rights individually or who could have reasonably relied on the pendency of a class action to excuse them from pursuing their individual rights.
 
 
 9
 We agree that Sec. 2(d)(5) bars certification of plaintiffs' class. This appeal involves a final order of the district court denying certification which was entered on October 31, 1984. While the district court initially denied class certification in its May 18, 1984 order, plaintiffs did not appeal that order. Instead, they moved to vacate. After their motion to vacate was overruled on September 13, 1984, plaintiffs then moved for reconsideration of the denial of class certification on September 17. That motion was denied in the district court's order of September 25, 1984. Plaintiffs do not dispute that their appeal is from the district court's final order of October 31, 1984. Their notice of appeal states that they appeal "from an Order Denying Motion Requesting Reconsideration of Class Certification entered into on September 25, 1984 and made final by the Order of Remand dated October 31, 1984."
 
 
 10
 Under the plain language of Sec. 2(d)(5), which specifically prohibits certification of a class in a class action relating to medical improvement after September 19, 1984, the district court was without jurisdiction to certify plaintiffs' class at the time its order denying certification became final. If plaintiffs are to be successful on review of the merits of the district court's order, they must rely on the relation-back doctrine to preserve jurisdiction by relating subsequent appellate approval of class certification back to the district court's original denial of certification prior to September 19, 1984. We conclude the relation-back doctrine, as expressed in Deposit Guaranty National Bank v. Roper and United States Parole Commission v. Geraghty, does not preserve the jurisdiction of the courts to certify a class after September 19, 1984, in the face of a clear statutory bar to class certification after that date.
 
 
 11
 Geraghty and Roper permitted maintenance of class actions after satisfaction of the named plaintiffs' claims, holding that certification of a certifiable class following an erroneous denial of certification relates back to the original denial to preserve jurisdiction. Even if we ignore the fact that both cases dealt directly with the question whether satisfaction of the named plaintiffs' claims mooted the appeal of denial of class certification, the cases are rendered inapposite by the statutory bar.
 
 
 12
 Roper involved plaintiffs who refused settlement offered by the defendants. Judgment was entered over plaintiffs' objections. The case turned on the principle that defendants should not be permitted to frustrate a class action by buying off the named plaintiffs, a factor not involved in the instant case. Geraghty concerned a claim on the merits that parole guidelines in continuous use resulted in the erroneous denial of parole for class members. In concluding that the class action survived satisfaction of the named plaintiffs' claims, the Court analogized the suit to cases which are "capable of repetition, yet evading review." Here, there is no question of repetition of the Secretary's refusal to apply the medical improvement standard in future cases due to the clear mandate of Sec. 2(d)(2)(A) of the Reform Act.
 
 
 13
 Plaintiffs also rely on Reed v. Heckler, 756 F.2d 779 (10th Cir.1985), in which this court determined that satisfaction of the plaintiffs' individual administrative appeals did not moot the proposed class action on appeal where the district court inappropriately denied class certification. After determining that the administrative policy challenged in Reed was one the agency intended to continue to apply, we extended Geraghty to class action claims rendered moot by purposeful action of defendants. We concluded that a defendant government agency's voluntary performance could not preclude a decision on plaintiffs' motion for certification by rendering the named plaintiffs' claims moot.
 
 
 14
 When we consider the reasoning of Reed in conjunction with the facts of this case, we are not persuaded that Geraghty should be further extended to control the instant case. Here, the named plaintiffs' claims were satisfied, not through purposeful action by the Secretary, but by the operation of explicit statutory provisions requiring remand of their individual cases to the Secretary for application of the medical improvement standard. The existence of the administrative policy challenged by plaintiffs was undeniably extinguished by Sec. 2(d)(2)(A) of the Reform Act.
 
 
 15
 Plaintiffs point out that the relation-back doctrine has been used to avoid the statute of limitations, citing American Pipe & Construction Co. v. Utah, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974). That case held that "at least where class action status has been denied solely because of failure to demonstrate that 'the class is so numerous that joinder of all members is impracticable,' the commencement of the original class suit tolls the running of the statute for all purported members of the class who make timely motions to intervene after the court has found the suit inappropriate for class action status." 414 U.S. at 552-53, 94 S.Ct. at 765-66.
 
 
 16
 The issue and the holding in American Pipe were narrowly drawn. The antitrust statute in question specifically provided for tolling of the statute of limitations with respect to every private right of action arising under the antitrust laws. The Court determined that the statutory provision does not restrict the power of the federal courts to hold that the statute of limitations is tolled under certain specific circumstances (for purported members of the class who did not rely on the commencement of the class action in refraining from filing individual motions for intervention or joinder), as long as the exercise of the power is not inconsistent with legislative purpose.
 
 
 17
 We are not persuaded by American Pipe that the statutory bar to class certification expressed in Sec. 2(d)(5) can be overridden. The conclusion that the bar of Sec. 2(d)(5) is not applicable to an appeal of a final order of the district court denying class certification, which was entered after the September 19, 1984 deadline, is at odds with legislative purpose as expressed in the wording of the statute as well as in the legislative history of the Reform Act. The only proposed class members who would benefit from maintenance of the class action in this case are those who were not individually involved in either administrative or judicial review of the termination of their benefits as of September 19, 1984. The report of the Senate Finance Committee regarding the amendments proposed in the Reform Act states:
 
 
 18
 In other words, the amendment would not allow for redeterminations in the case of individuals who have failed to exercise their appeal rights and therefore have no reason to consider themselves protected by the certification of a class action. This would avoid the possibility that a future certification of one or more class actions--or even a nationwide class action might give the Committee decision much broader retrospective effect (and for higher cost) than the Committee intends.
 
 
 19
 S.Rep. No. 466, 98th Cong., 2d Sess. 13 (1984).[6] The Committee reasoned that the overwhelming majority of class members who did not exercise individual appeal rights, but allowed the Secretary's decision terminating their benefits to become final, were unaware of the class actions and thus did not rely on the institution of the suits in abandoning their individual appeals. In failing to provide for remand and reconsideration of these cases, the Committee sought to implement a major purpose of the Reform Act:
 
 
 20
 to resolve the current controversy over the medical improvement issue, without unnecessarily increasing the cost of the disability program by broadly applying the new standard to thousands of individuals who had effectively accepted the finding of ineligibility and abandoned their claims by not following prescribed procedures for seeking review of the denial of benefits.
 
 
 21
 S.Rep. No. 466, 14. In balancing the costs of providing reconsideration of these cases against the expectations of the beneficiaries of reconsideration, special protection was provided to members of classes properly certified before a cutoff date of September 19, 1984. A deadline for class certification was set "to protect against the substantial increase in the cost of this legislation that could result from a rash of class certifications in presently uncertified class actions...." S.Rep. No. 466, 15-16. The wording of the statutory provision implementing the deadline, Sec. 2(d)(5), clearly reflects congressional intent to create an absolute cutoff for certification of class actions concerning the medical improvement standard. We are bound to adhere to the expressed limitation, for the Supreme Court has admonished that "the courts have a duty 'to observe the conditions defined by Congress for charging the public treasury.' " Heckler v. Lopez, 463 U.S. 1328, 104 S.Ct. 10, 14, 77 L.Ed.2d 1431 (1983), quoting Schweiker v. Hansen, 450 U.S. 785, 101 S.Ct. 1468, 67 L.Ed.2d 685 (1981).
 
 
 22
 In reaching this conclusion, we recognize that the benefits of those proposed class members who were not entitled to remand under the Reform Act may have been erroneously terminated because the Secretary refused to apply the medical improvement standard to their cases. We are concerned that the Secretary persisted in resisting application of the standard long after the courts of appeal recognized its validity in implementing the disability provisions of the Social Security Act. However, Congress has clearly expressed its intent to limit reconsideration of the cases of unnamed class members to classes properly certified before September 19, 1984, and we are bound by the limitations expressed in the plain language of the statute. Accordingly, we do not reach the merits of the district court's denial of class certification, and we affirm its order of October 31, 1984.
 
 TIMBERS, Senior Circuit Judge, dissenting:
 
 23
 I believe the majority's myopic reading of Sec. 2(d)(5) works an injustice on the plaintiff class before us and makes a mockery of the equitable powers of our Court. In my view Sec. 2(d)(5) is amenable to the equitable relation-back doctrine. I believe the district court's erroneous denial of class certification presents a classic case for applying the relation-back doctrine. From the majority's failure to invoke our Court's equitable powers, I respectfully dissent.
 
 
 24
 The relation-back doctrine and its application to the erroneous denial of class certification is well established by the Supreme Court and our Court. In United Airlines, Inc. v. McDonald, 432 U.S. 385, 392-94, (1977), the Court held that an appellate court's reversal of a district court's erroneous denial of class certification relates back to the initial denial of certification for the purpose of evaluating the timeliness of individual class members' claims. See also Deposit Guaranty National Bank v. Roper, 445 U.S. 326, 330 n. 3 (1980) ("Reversal of the district court's denial of certification may relate back to the time of the original motion for certification for the purposes of tolling the statute of limitations on the claims of the class members."). Moreover, our Court, in construing the Supreme Court cases on the relation-back doctrine, has held that "certification of a 'certifiable' class following an erroneous denial relates back to the original denial and preserves jurisdiction." Reed v. Heckler, 756 F.2d 779, 786 (10th Cir.1985). In light of this well established law on the relation-back doctrine and its effect on an erroneous denial of class certification, I think the language of Sec. 2(d)(5) is anything but "plain". In my view, if we were to conclude that the district court had erred in denying appellants' motion for class certification, our order directing the court to certify the class would relate back to the date of the original erroneous denial, which is well before the September 19, 1984 cut-off date of Sec. 2(d)(5).
 
 
 25
 As for the merits of the class certification question, suffice it to say that I believe appellants have presented compelling arguments in favor of class certification. In her brief to our Court, the Secretary has not even challenged the proposed class' obvious qualifications under Fed.R.Civ.P. 23(a). Moreover, appellants' class presents an almost textbook example of a Fed.R.Civ.P. 23(b)(2) class in that the Secretary "has acted ... on grounds generally applicable to the class, thereby making appropriate final injunctive relief". It is therefore no surprise that virtually every other district court that has considered this issue has certified a class identical to appellants' proposed class.[1] Indeed this is the only case in which the claimants have been denied a remedy.
 
 
 26
 In the final analysis, I simply cannot believe that Congress intended Sec. 2(d)(5) to deprive appellants of their right to appeal from what appears to be a clearly erroneous denial of class certification. In my view, as long as the district court acted definitively on the class certification motion prior to September 19, 1984--either granting or denying the motion--Sec. 2(d)(5) was satisfied. In the event of an erroneous denial of class certification, as in the instant case, the relation-back doctrine and appellants' right to appeal from a final judgment permit this Court to right the wrong committed below. Certainly this reading of Sec. 2(d)(5) accomplishes Congress's goal of preventing last minute or nationwide class actions. See S.Rep. No. 466, 98th Cong., 2d Sess. 13 ("[Sec. 2(d)(5) ] would avoid the possibility that a future certification of ... a nationwide class action might give the Committee decision much broader retrospective effect (and for higher cost) than the Committee intends."). To hold, as the majority does, that Sec. 2(d)(5) forecloses appeals from denials of class certifications rendered prior to September 19, 1984 is to unwisely immunize the district courts from appellate scrutiny. I think such a result is particularly unfair in the present circumstances, since it was the Secretary's own obstinate refusal to "acquiesce" in the decision of every circuit in this country holding the current disability standard illegal[2] which made appellants' class action necessary. To hold now that Congress, in trying to cure this untenable situation, has denied appellants the right to appeal from an erroneous denial of class certification is to add insult to injury.
 
 
 27
 I cannot join in the majority's abandonment of our Court's equitable duties. I therefore respectfully but emphatically dissent.
 
 
 
 *
 Honorable William H. Timbers, Circuit Judge for the United States Court of Appeals, Second Circuit, sitting by designation
 
 
 [1]
 The proposed class excluded disability beneficiaries whose benefits were terminated because they returned to substantial gainful activity, whose whereabouts were unknown, who failed to cooperate, who admitted they had medically recovered, or who were no longer eligible for benefits due to factors unrelated to disability
 
 
 [2]
 The Ninth Circuit affirmed a preliminary injunction ordering the Secretary to apply the medical improvement standard to a circuit-wide class pending the outcome of plaintiffs' challenge to the Secretary's refusal to apply the standard which was the settled law of the circuit. In response to class actions filed in the Third and Fourth Circuits, the Secretary began application of the medical improvement standard in the states within those circuits
 
 
 [3]
 Section 2(d)(2) sets out the specific determinations of the Secretary to which the provisions of the Reform Act, including the medical improvement standard, are to be applied. It provides:
 The amendments made by this section shall apply to--
 (A) determinations made by the Secretary on or after the date of the enactment of this Act;
 (B) determinations with respect to which a final decision of the Secretary has not yet been made as of the date of the enactment of this Act and with respect to which a request for administrative review is made in conformity with the time limits, exhaustion requirements, and other provisions of section 205 of the Social Security Act and regulations of the Secretary;
 (C) determinations with respect to which a request for judicial review was pending on September 19, 1984, and which involve an individual litigant or a member of a class in a class action who is identified by name in such pending action on such date; and
 (D) determinations with respect to which a timely request for judicial review is or has been made by an individual litigant of a final decision of the Secretary made within 60 days prior to the date of the enactment of this Act.
 In the case of determinations described in subparagraphs (C) and (D) in actions relating to medical improvement, the court shall remand such cases to the Secretary for review in accordance with the provisions of the Social Security Act as amended by this section.
 
 
 [4]
 Section 2(d)(3) provides, in pertinent part:
 In the case of a recipient of benefits under title II, XVI, or XVIII of the Social Security Act--
 (A) who has been determined not to be entitled to such benefits on the basis of a finding that the physical or mental impairment on the basis of which such benefits were provided has ceased, does not exist, or is not disabling, and
 (B) who was a member of a class certified on or before September 19, 1984, in a class action relating to medical improvement pending on September 19, 1984, but was not identified by name as a member of the class on such date,
 the court shall remand such case to the Secretary.
 
 
 [5]
 Section 2(d)(5) provides:
 No class in a class action relating to medical improvement may be certified after September 19, 1984, if the class action seeks judicial review of a decision terminating entitlement (or a period of disability) made by the Secretary of Health and Human Services prior to September 19, 1984.
 
 
 [6]
 The conference agreement followed the Senate in formulation of effective dates in Sec. 2(d) of the Reform Act. 1984 U.S.Code Cong. & Ad.News 3038, 3084-85
 
 
 [1]
 E.g., Thomas v. Heckler, 598 F.Supp. 492 (M.D.Ala.1984); Turner v. Heckler, 592 F.Supp. 599 (N.D.Ind.1984); Polaski v. Heckler, 585 F.Supp. 997, 1004 (D.Minn.1984); Holden v. Heckler, 584 F.Supp. 463 (N.D.Ohio 1984); Avery v. Heckler, 584 F.Supp. 312 (D.Mass.1984); Hyatt v. Heckler, 579 F.Supp. 985 (D.N.C.1984); Doe v. Heckler, 576 F.Supp. 463 (D.Md.1983); Schisler v. Heckler, 574 F.Supp. 1538 (W.D.N.Y.1983); Graham v. Heckler, 573 F.Supp. 1573 (N.D.W.Va.1983); Lopez v. Heckler, 572 F.Supp. 26, 27 (C.D.Cal.1983); Rivera v. Heckler, 568 F.Supp. 235 (D.N.J.1983); Trujillo v. Schweiker, 558 F.Supp. 1058 (D.Colo.1983)
 
 
 [2]
 Byron v. Heckler, 742 F.2d 1232 (10th Cir.1984); DeLeon v. Secretary, 734 F.2d 930 (2d Cir.1984); Dotson v. Schweiker, 719 F.2d 80 (4th Cir.1983); Ransom v. Heckler, 715 F.2d 989 (5th Cir.1983); Kuzmin v. Schweiker, 714 F.2d 1233 (3rd Cir.1983); Simpson v. Schweiker, 691 F.2d 966 (11th Cir.1982); Cassiday v. Schweiker, 663 F.2d 745 (7th Cir.1981); Hayes v. Secretary, 656 F.2d 204 (6th Cir.1981); Finnegan v. Matthews, 641 F.2d 1340 (9th Cir.1981); Weber v. Harris, 640 F.2d 176 (8th Cir.1981); Miranda v. Secretary, 514 F.2d 996 (1st Cir.1975)